IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Dan Cornelius, *on behalf of himself and all others similarly situated*<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>Cox Communications, Inc.<br>　　　　　　　　　　Defendant. | CASE NO.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>A Trial by the Maximum Number of Jurors is hereby Demanded |

For this Class Action Complaint, Plaintiff, Dan Cornelius, by undersigned counsel, states on behalf of himself and a class of similarly situated persons as follows:

**INTRODUCTION**

1. Plaintiff, Dan Cornelius ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant Cox Communications, Inc. ("Cox" or "Defendant"). Cox repeatedly called Plaintiff's cellular telephone using a prerecorded and/or artificial voice – over Plaintiff's repeated requests for Defendant to stop and without prior express consent – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Cox is the third-largest cable television provider in the United States. As part of its business, Cox operates an aggressive call campaign where it repeatedly calls consumers' cellular telephones using a prerecorded and/or artificial voice, without their consent and over their specific objections to stop the calls.

3. Indeed, Plaintiff never provided Cox with prior express consent to place calls to his cellular telephone number regarding someone else's Cox account. Nonetheless, Cox has repeatedly called Plaintiff's cellular telephone with an identical prerecorded and artificial voice

call recording stating "This message is for [unrelated third party] from Cox Communications. To prevent further calls, please call our automated service immediately at 844-472-8791. The number again is 844-472-8971. Please review your account status online at Cox.com as soon as possible. Thank you."

4. Following his receipt of Cox's wrong number calls, Plaintiff repeatedly called Cox at the above-referenced telephone number in an effort to get the calls to stop. However, each time he advised Cox that it was calling him in error and asked Cox to stop calling him, Cox advised Plaintiff that it could not stop the calls to Plaintiff's cellular telephone. Moreover, Cox continued to call Plaintiff's cellular telephone with the same prerecorded and artificial voice message after Plaintiff asked Cox to stop calling him.

5. Plaintiff is not alone; upon information and belief, Cox has done the same thing to countless other individuals. Accordingly, Plaintiff seeks to certify the following class:

> All persons within the United States to whom (1) Cox placed one or more prerecorded or artificial voice calls, (2) to said person's cellular telephone, (3) after said person advised Cox that it was calling a wrong number, or (4) where Cox did not possess said person's prior express consent, (5) within the four years prior to the filing of the Complaint.

## JURISDICTION

6. This action arises out of Defendant Cox's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the acts giving rise to this action – including Plaintiff's receipt of Defendant's illegal telephone calls – occurred in this District.

## PARTIES

8. Plaintiff, Dan Cornelius ("Plaintiff"), is an adult individual residing in Hutchinson, Kansas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

9. Defendant, Cox Corporation ("Cox"), is a Delaware business entity with a principal place of business at 6205-B Peachtree Dunwoody Road, Atlanta, Georgia 30328, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. The TCPA regulates, among other things, the placement of telephone calls using a prerecorded or artificial voice.

11. Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using "an artificial or prerecorded voice" to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## FACTUAL ALLEGATIONS APPLICABLE TO PLAINTIFF

12. Within the last four years Cox began calling Plaintiff's cellular telephone, number 620-xxx-4426, regarding a separate, unrelated person who Plaintiff does not know.

13. Cox placed the calls to Plaintiff's cellular telephone from, *inter alia,* telephone number 844-472-8791.

14. Each time Cox called Plaintiff, it left an identical prerecorded and artificial voice message on Plaintiff's cellular telephone stating the following in a robotic-sounding voice: "This message is for [unrelated third party] from Cox Communications. To prevent further calls, please call our automated service immediately at 844-472-8791.  The number again is 844-472-8971. Please review your account status online at Cox.com as soon as possible. Thank you."

15. Plaintiff never provided his consent to Cox to be contacted on his cellular telephone regarding someone else's Cox account.

16. Beginning in or around May 2020, Plaintiff called Cox at telephone number 844-472-8791, waited on the line to speak with a  live representative, and then asked Cox to stop calling his cellular telephone and advised it that it was calling Plaintiff in error.

17. Nonetheless, Cox continued to place numerous identical prerecorded and artificial voice calls to Plaintiff's cellular telephone over the following months.

18. Cox's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, annoyance, and anger.

## CLASS ACTION ALLEGATIONS

### A. The Class

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

20. Plaintiff represents, and is a member of the following class (the "Class"):

All persons within the United States to whom (1) Cox placed one or more prerecorded or artificial voice calls, (2) to said person's cellular telephone, (3) after said person advised Cox that it was calling a wrong number, or (4) where Cox did not possess said person's prior express consent, (5) within the four years prior to the filing of the Complaint.

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>Numerosity</u>

22. Upon information and belief, Defendant placed prerecorded and artificial voice calls to cellular telephone numbers belonging to thousands of persons throughout the United States where it lacked prior express consent to place such calls and/or such persons had previously advised Cox it was calling a wrong number. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. <u>Common Questions of Law and Fact</u>

24. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Cox placed prerecorded and artificial voice calls to persons' cellular telephones after said persons advised Cox that it was calling a wrong number;

   b. Whether Cox can meet its burden of showing it obtained prior express consent to place prerecorded and/or artificial voice calls;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places prerecorded and artificial voice calls to cellular telephone numbers without prior express consent, and over requests to stop the calls, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated

and administered in this case.

D. <u>Typicality</u>

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. <u>Protecting the Interests of the Class Members</u>

27. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

F. <u>Proceeding Via Class Action is Superior and Advisable</u>

28. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**</u>
<u>**47 U.S.C. § 227, *ET SEQ.*** </u>

29. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

30. Plaintiff brings this claim on behalf of himself and the Class.

31. Defendant placed calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Class without their prior express consent and not for any emergency purpose.

32. Moreover, Defendant placed calls using a prerecorded and/or an artificial voice to

cellular telephones belonging to Plaintiff and the other members of the Class after they advised Cox that it was calling a wrong number.

33. Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

34. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

35. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

36. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA;

- Defendant placed prerecorded and/or artificial voices calls to Plaintiff and the members of the Class without prior express consent; and

- Defendant placed prerecorded and/or artificial voices calls to Plaintiff and the members of the Class after said persons had previously advised Cox that it was calling a wrong number

**COUNT II**
**WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

38. Plaintiff brings this claim on behalf of himself and the Class.

39. Defendant knowingly and/or willfully placed calls using a prerecorded and/or an artificial voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent and not for any emergency purposes.

40. Moreover, Defendant knowing and/or willfully placed calls using a prerecorded and/or an artificial voice to cellular telephones belonging to Plaintiff and the other members of the Class after they advised Cox that it was calling a wrong number.

41. Each of the aforementioned calls by Defendant constitutes a knowing and willful violation of the TCPA.

42. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

43. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

44. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully placed prerecorded and/or artificial voices to calls to Plaintiff and member of the Class who had previously advised Cox that it was calling a wrong number;
- Defendant willfully placed calls to Plaintiff and the Class without prior express consent; and
- It is Defendant's practice and history to place prerecorded and artificial voice calls to persons without their prior express consent.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

February 26, 2021                                  Respectfully submitted,

**ESLINGER LAW FIRM, LLC**

By: */s/ Jason M. Eslinger*
Jason M. Eslinger    KS#26595
2517 Jefferson Street
Kansas City, MO 64105
(816) 259-5226 Telephone
(816) 817-1441 Facsimile
jason@eslingerlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

*and*

Sergei Lemberg, Esq. (*pro hac vice* forthcoming)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff